TATE, Appellant, vs. JERMAN, Respondent.

*November 21—December 13, 1904.*

*Appeal and error: Affirmance or reversal.*

Where the evidence discloses no clear preponderance against the material findings of fact, the judgment is affirmed.

APPEAL from a judgment of the circuit court for Vernon county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Plaintiff and defendant owned, respectively, lots 2 and 3 in block 6, in Viroqua, fronting easterly on Main street and divided by an east and west line. Plaintiff owned a store located something less than six feet south of the lot line, with platform and outside stairway extending some three and one-half feet further toward that line. Defendant had buildings on his lot, located about ten feet north of said dividing line, and in 1902 undertook to build a building on that ten-foot space. Plaintiff brought this action to enjoin such building, alleging that in or about the year 1857 the owner of defendant's lot 2 granted to the owner of lot 3 an easement for a right of way across the south six feet of lot 2, and lot 7, which lay immediately west of it, to be used by the owner of lots 3 and 6 forever, and that since the year 1865 the plaintiff had been in the quiet and peaceable enjoyment and use of the alleyway so granted. No direct evidence was offered of any such grant, but was confined to proof of continuous passage over an alleged alleyway consisting of six feet off of plaintiff's lot 3 and six feet off of the south side of defendant's lot 2; it appearing, however, that during most of said period the plaintiff had exercised the right to build structures in the north six feet of her lot. There was evidence that plaintiff's lot, together with all the rest of the one half of the block, had originally been the location of the county buildings, and that, before any buildings had been erected on plaintiff's lot, the county, in fencing its half block, left out a strip of six feet

or more which it had used as a passageway to the interior of its premises; that plaintiff's predecessor in title erected a building on lot 3 about 1858, and used said strip of land for a passageway, and that plaintiff, after the purchase of the premises in 1865, continued to so use the same; that the defendant purchased from the county in 1881, erected buildings on his lot 2, and thenceforward, by himself and tenants, had also used this passageway for travel, but also had constructed, within the limits thereof, a cellar stairway, had occupied the same for the storage of wood, and at times had granted the privilege of occupying it for business purposes to others; that said alleyway through the block had currently been traveled, as occasion arose, by the public generally; that plaintiff had frequently made claim that a public right of passage existed through said alley, which defendant had at all times denied; that no express claim had ever been made by plaintiff of any private right or easement. There was also some evidence of request by plaintiff, and permission by defendant, for the doing of certain acts by the former within the six-foot space described. The court found the original use and occupation of this strip by the county, and, after his purchase, by the defendant for his own purposes; that the plaintiff, in common with the public generally, had for many years used the strip; that the use by the plaintiff was never exclusive, hostile, or adverse, nor even under a claim of right, except as a public highway, and that from the year 1883 the use had been by express permission and license of the defendant; and that the use by the plaintiff had not continued uninterrupted for twenty years prior to the bringing of the action; whereupon judgment dismissing the complaint was entered, from which the plaintiff appeals.

For the appellant there was a brief by *Smith & Griffin* and *H. P. Proctor,* and oral argument by *C. J. Smith.*

*C. W. Graves,* attorney, and *E. C. Higbee,* of counsel, for the respondent.

Lowe v. Ring, 123 Wis. 370.

DODGE, J. Careful examination of the evidence discloses no clear preponderance against the material findings of fact, from which judgment for defendant necessarily results. *Frye v. Highland,* 109 Wis. 292, 85 N. W. 351.

*By the Court.*—Judgment affirmed.